

Saiber
ATTORNEYS AT LAW

Arnold B. Calmann
(973) 645-4828
abc@saiber.com

RECEIVED
MAR 21 2011
AT 8:30_____M
WILLIAM T. WALSH
CLERK

January 26, 2011

**BY EMAIL & FEDERAL EXPRESS**

Honorable Tonianne J. Bongiovanni, U.S.M.J.
**Clarkson S. Fisher Federal Building &
U.S. Courthouse, Room 6052**
402 East State Street
Trenton, New Jersey 08608

    Re:   *Schering Corporation v. Apotex Inc., et al.*
           <u>Civil Action No. 09-6373 (GEB) (TJB)</u>

Dear Judge Bongiovanni,

      We, along with our co-counsel Rakoczy Molino Mazzochi Siwik LLP, represent Defendants Apotex Inc. and Apotex Corp. (collectively, "Apotex") in the above action. We submit this letter seeking leave pursuant to Rule 30(a)(2) to take an additional deposition over the ten (10) allowed under Rule 30(a). The additional deposition Apotex has noticed is fully compliant with the Federal Rules and none of the standards for excluding such a deposition apply here.

      Rule 30(a)(2) provides that "[a] party must obtain leave of court, and ***the court must grant leave to the extent consistent with Rule 26(b)(2)*** . . . if the parties have not stipulated to the deposition and . . . the deposition would result in more than ten (10) depositions being taken." FED. R. CIV. P. 30(a)(2)(A)(i) (emphasis added). A court may limit the frequency or extent of discovery if it determines that the discovery sought will be (1) "unreasonably cumulative or duplicative," or (2) that the noticing party has had ample opportunity to obtain the information, or (3) that the burden or expense of the deposition outweighs any likely benefit. FED. R. CIV. P. 26(b)(2). ***None*** of those factors apply here.

      First, the additional deposition noticed is not "unreasonably cumulative or duplicative." The three (3) patents-in-suit identify eleven (11) different individuals as inventors. We submit that Apotex should be able to depose each of the purported inventors of the patents-in-suit,[1] and obviously Apotex should be entitled to depose the very Plaintiff in this case. Included in the eleven deposition notices that Apotex has issued is a Rule 30(b)(6) notice of deposition of

---

[1] Each one of the ten (10) individuals identified as an inventor must have, by law, contributed to the conception of subject matter claimed in the patents-in-suit. See 35 U.S.C. § 102(f). The ***only*** way Apotex can verify this is through deposition.

Saiber LLC • One Gateway Center • 10th Floor, Suite 1000 • Newark, New Jersey • 07102 • Tel 973.622.3333 • Fax 973.622.3349 • www.saiber.com

{00650169.DOC}      Florham Park  •  Newark  •  New York  •  Atlantic City  •  Point Pleasant Beach

Schering, a traditional form of discovery inquiry in these types of cases. There is nothing unusual about the depositions sought here.

Schering objected to Apotex taking an eleventh deposition. In discussing this issue Apotex requested an understanding of how the additional deposition noticed could be "unreasonably cumulative or duplicative," or how and when Apotex has had ample opportunity to obtain the information sought, or how the burden or expense of the additional deposition outweighs any likely benefit. (*See* Ex. A, Jan. 12, 2011 letter from M. Anderson to J. Davis at 2). Schering refused to provide any explanation as to how the additional deposition could be "unreasonably cumulative or duplicative," instead arguing that because Apotex allegedly had pre-suit knowledge of the number of alleged inventors that Apotex should have sought a greater number of depositions in the joint discovery plan.[2] Schering then demanded that Apotex seek formal leave from the Court to take the additional deposition noticed. (*See* Ex. B, Jan. 13, 2011 letter from J. Davis to M. Anderson at 1).

There is no basis that Schering has offered to justify a conclusion that the additional deposition sought is "unreasonably cumulative or duplicative." Indeed, Schering's position is evidential on the issue that it is not cumulative or duplicative, because Schering proposed that the parties agree to a number higher ten depositions for each side. (*See* footnote 2, *supra*). For at least the foregoing reasons, the eleventh (11) deposition noticed by Apotex cannot be said to be "unreasonably cumulative or duplicative."

Second, Apotex has not had an ample opportunity to secure the discovery sought, thereby rendering Fed. R. Civ. P. 26(b)(2)'s second factor inapplicable to Apotex's request. Deposing each witness is the only way Apotex could secure the information it is seeking. Apotex deposed

---

[2] Schering did propose that the parties re-negotiate paragraph 14 of the Pretrial Scheduling Order and agree to a hard limit on the amount of depositions a party may take. (*See* Ex. C, Jan. 11, 2011 letter from J. Davis to M. Anderson at 2). Apotex declined Schering's proposal, however, mainly because Schering had identified in its initial disclosures, which were served over a month after the parties negotiated the language that went into paragraph 14 of the Pretrial Scheduling Order, no less than twenty-six (26) other non-inventor individuals as "likely to have discoverable information that Schering may use to support its claims and defenses." (Ex. D, Schering Corp.'s Initial Disclosures at 1-5). As such, and because (1) Apotex is still trying to get through the hundreds of thousands of pages Schering has produced thus far in this case, and (2) depositions have just recently commenced, Apotex was justifiably unable to commit to a hard-fast limit on the amount of deposition it needs to adequately defend itself in this case. Instead, Apotex proposed an informal procedure whereby if a party notices a deposition above the ten allowed under the Federal Rules without court leave, and the opposing party believes that any one of the Rule 26(b)(2) factors would be implicated, that the opposing party take its concerns to the noticing party and, if an agreement cannot be reached, formal leave be sought by the noticing party. (Ex. A, Jan. 12, 2011 letter from M. Anderson to J. Davis at 2). Schering rejected this proposal. (*See* Ex. B, Jan. 13, 2011 letter from J. Davis to M. Anderson at 1-2).

one purported inventor on January 18, 2011 and is not presently seeking to re-depose that individual. Apotex has not previously deposed or sought to depose any of the other alleged inventors or Schering itself. As with the first factor, Apotex asked Schering to explain how Apotex had previously had an opportunity to take the discovery sought but Schering refused to provide any response. (*See* Ex. B, Jan. 13, 2011 letter from J. Davis to M. Anderson at 1).

Third, there is absolutely no undue burden on Schering here. Schering was specifically asked to provide an explanation as to how one additional deposition above the ten (10) allowed without leave under Rule 30, could be unduly burdensome but as with the previous two factors, Schering declined to provide an explanation. (*See* Ex. B, Jan. 13, 2011 letter from J. Davis to M. Anderson at 1-2).

Apotex submits that it has demonstrated that none of the applicable Rule 26(b)(2) factors are applicable or would justify precluding Apotex from taking an additional deposition as explained here. Accordingly, we respectfully request an Order allowing Apotex to take the eleventh (11) deposition it has noticed in this case.

We thank the Court for its consideration in this matter, and if Your Honor has any questions, we would be pleased to respond to same at Your Honor's convenience.

Respectfully submitted,

Arnold B. Calmann

ABC/jbh

Enclosures

cc: All Counsel of Record (by e-mail)

*The request to take an Eleventh Deposition is Granted. Plaintiffs' suggestion (via undocketed letter dated 2/7/11) is well taken — the parties are to confer and submit a revised proposal regarding the maximum number of depositions necessary for fact discovery. Said proposal is to be submitted by April 1, 2011.*

So Ordered this 18 day of March, 2011.

{00650169.DOC}